UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

Case No.  8:20-cv-01700-JLS-ADS                                  Date: March 09, 2021
Title: St. Jude Hospital Center, Inc. v. Orora Visual LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                          Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 12)**

Before the Court is Plaintiff's Motion to Remand.  (Mot., Doc. 12.)[1]  For the following reasons, the Court GRANTS Plaintiff's Motion.[2]

### I.    BACKGROUND

This action arises out of a dispute over an alleged underpayment for hospital services.  Plaintiff St. Jude Hospital Center, Inc. ("Hospital") filed this action in state court on July 14, 2020, alleging state law causes of action for breach of implied-in-fact contract and quantum meruit.  (Compl., Ex. A to Notice of Removal ("NOR"), Doc. 1-1.)  Defendant Orora Visual, LLC removed the case to federal court, contending that the Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff "seeks

---

[1] Defendant's late-filed opposition was stricken.  (*See* Order Striking, Doc. 36; Order Denying *Ex Parte* for Leave to File Opposition, Doc. 39.)  Nonetheless, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  The Court will therefore decide Plaintiff's motion on the merits.

[2] The motion was taken under submission.  (Doc. 40.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01700-JLS-ADS                              Date: March 09, 2021
Title:  St. Jude Hospital Center, Inc. v. Orora Visual LLC

recovery of benefits under an employee welfare benefit plan and such claims for benefits are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ('ERISA').'' (NOR, Doc. 1 at 2.)

Defendant operates a health benefit plan that pays for healthcare services provided by medical providers to plan participants. (Compl. ¶ 2.) Defendant's health benefit plan constitutes a self-funded "Employee Welfare Benefit Plan" under ERISA. (ERISA Plan Document, Ex. B to NOR, Doc. 1-2.) Plaintiff is a non-profit acute care facility that, on seven separate occasions, provided medical services to one of Defendant's policyholders, Patient.[3] (Compl. ¶¶ 1, 8.) The total billed charges for the services provided was $389,654.50, but Defendant paid a total of only $174,209.80. (Mot. at 6.) Plaintiff alleges that on each occasion at issue, Defendant verified the patient's eligibility and benefits, and either provided authorization for the services or informed Plaintiff that authorization was not required. (Compl. at ¶¶ 10, 17, 24, 31, 38, 45, 52.)

Plaintiff further alleges that for each occassion at issue, Defendant "did not indicate in any way that it would not cover the patient's medical expenses," and Plaintiff "reasonably understood the Defendant's actions to constitute express and/or implied requests that the Hospital provide services to the Patient and an agreement by Defendant to pay the Hospital for such services at a reasonable rate." (Compl. ¶¶ 128, 130–32.) Plaintiff alleges that Defendant's conduct gave rise to an implied-in-fact agreement between Plaintiff and Defendant "obligating Defendants to pay for the care and treatment rendered by the Hospital to the Patient." (Compl. ¶ 61.)

Plaintiff contends that removal was improper because its state-law claims are based Defendant's conduct and communications with Plaintiff; the Complaint contains no allegations that Plaintiff is pursuing ERISA plan benefits pursuant to any assignment from Patient. (Mot. at 9.) Plaintiff has therefore moved to remand this case to state court. (Mot.)

---

[3] The patient's name and other protected health information were excluded from the Complaint to protect her privacy. (Compl. ¶ 7 n1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01700-JLS-ADS                                                                    Date: March 09, 2021
Title:  St. Jude Hospital Center, Inc. v. Orora Visual LLC

### II.  LEGAL STANDARD

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  Thus, "[a] defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  "However, it is to be presumed that a cause lies outside [the] limited jurisdiction of [the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (quoting *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006)).  There is a "strong presumption" against removal jurisdiction, and courts "strictly construe the removal statute against removal jurisdiction."  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).

### III.  DISCUSSION

Plaintiff argues that removal was improper here because, as a threshold matter, Plaintiff does not assert a claim involving a federal question on the face of the complaint.  (Mot. at 10.)  Plaintiff further argues that its state-law causes of action are not preempted by § 502(a) of ERISA.  (*Id.*)
"Generally speaking, '[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.'"  *Marin Gen. Hosp. v. Modesto & Empire Traction Co*., 581 F.3d 941, 944 (9th Cir. 2009) (citing *Hansen v. Blue Cross of Cal*., 891 F.2d 1384, 1386 (9th Cir.1989)).  There is, however, "an exception to the well-pleaded complaint rule for state-law causes of action that are completely preempted by § 502(a)." *Marin Gen. Hosp.*, 581 F.3d at 944.  Complete preemption under § 502(a) can thus establish a basis for federal question removal jurisdiction.  *Id.* at 945.  A state-law cause of action is completely preempted by § 502(a) if (1) "an individual, at some point in time, could have brought [the] claim under ERISA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   8:20-cv-01700-JLS-ADS                                Date: March 09, 2021
Title: St. Jude Hospital Center, Inc. v. Orora Visual LLC

§ 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." *Id.* at 944 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). Complete preemption exists only if prongs of the test are satisfied. *Id.* at 947.

### A.   *Davila's* First Prong

The first prong of *Davila* is satisfied if a plaintiff, "at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210. A plan participant or beneficiary can bring a civil action under this section "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In its notice of removal, Defendant argues that Plaintiff's claim for damages is "a simple, straightforward claim for ERISA benefits" that could have been brought under ERISA. (NOR ¶ 20.)

In its motion, Plaintiff contends that its claims could not be brought under § 502(a) because it is neither a beneficiary nor participant of the ERISA plan, and "[t]he complaint does not set forth any factual allegation that the Hospital obtained an assignment of benefits from the Patient." (Mot. at 12.) Furthermore, "the Hospital is not suing as an assignee to recover benefits under the ERISA plan." (*Id.*) As an initial matter, even if Plaintiff did obtain an assignment of benefits under the ERISA plan from the Patient, there is "no basis to conclude that the mere fact of assignment converts the [Hospital's] claims [in this case] into claims to recover benefits under the terms of an ERISA plan." *Marin Gen. Hosp.*, 581 F.3d at 949 (citing *Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1052 (9th Cir. 1999).

The Ninth Circuit's decision in *Marin General Hospital*, in which it determined that a hospital's state-law claims were not completely preempted by ERISA, is particularly instructive here. In that case, the complaint alleged that the defendant plan administrator had "orally verified the patient's coverage, authorized treatment, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01700-JLS-ADS                                            Date: March 09, 2021
Title: St. Jude Hospital Center, Inc. v. Orora Visual LLC

agreed to cover 90% of the patient's medical expenses at the Hospital." *Id.* at 943. The defendant, however, paid only a fraction of the hospital's bill. *Id.* The hospital sent a letter to the defendant seeking additional payment based on the contract to "pay 90% of total charges," but the defendant "denied that it had such a contract with the hospital and refused to make additional payment." *Id.* Based on these facts, the panel held that the first prong of *Davila* was not satisfied, even though the patient had assigned to the hospital any claim he had under his ERISA plan. *Id.* at 947–48. The panel observed that "The Hospital does not contend that it is owed this additional amount because it is owed under the patient's ERISA plan. Quite the opposite. The Hospital is claiming this amount precisely because it is not owed under the patient's ERISA plan. The Hospital is contending that this additional amount is owed based on its alleged oral contract with [the defendant.]" *Id.* at 947.

     Here, like in *Marin*, Plaintiff alleges that Defendant authorized treatment (or informed Plaintiff that authorization was not required) on each of the seven occasions Plaintiff treated the Patient. (Compl. at ¶¶ 10, 17, 24, 31, 38, 45, 52.) Plaintiff further alleges that Defendant's conduct constituted an implied-in-fact agreement to reimburse Plaintiff for the full value of services rendered. (Compl. ¶¶ 58–65, 68–70.) Although Plaintiff received payment of $174,209.80 under the Patient's health plan, it now seeks the remainder owed—*not* based on the ERISA plan, but based on an alleged agreement separate from the amount owed under the plan. "Put another way, where the plaintiff in *Marin General Hospital* sought the amount of payment necessary to close the gap between what it was owed under the ERISA plan ($46,655.54) and what it was promised over the phone ($178,926.54), Plaintiff in this case is seeking the amount of payment necessary to close the gap between what it is owed under the ERISA plan [($174,209.80)], and what it was allegedly promised during pre-authorization [($389,654.50)]." *John Muir Health v. Cement Masons Health & Welfare Tr. Fund for N. California*, 69 F. Supp. 3d 1010, 1018 (N.D. Cal. 2014) (citing *Marin Gen. Hosp.*, 581 F.3d at 943–44).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01700-JLS-ADS                                       Date: March 09, 2021
Title:  St. Jude Hospital Center, Inc. v. Orora Visual LLC

Because Plaintiff could not have brought its state-law claims based on the alleged implied-in-fact agreement under § 502(a)(1)(B), the Court finds that the first prong of *Davila* is not satisfied.

### B.      *Davila's* Second Prong

The second prong of *Davila* is satisfied if "there is no other independent legal duty that is implicated by a defendant's actions."  *Davila*, 542 U.S. at 210.  "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)."  *Marin Gen. Hosp.*, 581 F.3d at 949.

Here, the complaint alleges state-law causes of action that "are in no way based on an obligation under an ERISA plan."  *Id.* at 950 (holding that state-law causes of action for breach of contract, negligent misrepresentation, quantum meruit and estoppel were based on independent legal duties).  As described above, Plaintiff contends that, during the pre-authorization call, Defendant entered into an independent, implied-in-fact agreement to pay the full value of services rendered to the Patient.  "Courts have ruled time and time again that cases involving express or implied agreements to pay benefits were independent of the terms of the ERISA plans at issue, and the Court finds that such a situation occurs here."  *St. Joseph Hospital of Orange v. Newegg, Inc.*, Case No. SACV 20-1704 JVS (JDEx) (Oct. 20, 2020) (concluding that a hospital's claims for breach of implied-in-fact contract and quantum meruit were based on independent legal duties, and collecting cases).  Since Plaintiff's claims "would exist whether or not an ERISA plan existed, they are based on 'other independent legal dut[ies]' within the meaning of *Davila*."  *Marin Gen. Hosp.*, 581 F.3d at 950.

Because neither prong of *Davila* is satisfied, the Court concludes that removal based on complete preemption under ERISA was improper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-01700-JLS-ADS                                        Date: March 09, 2021
Title:  St. Jude Hospital Center, Inc. v. Orora Visual LLC

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion is GRANTED.  This action is hereby REMANDED to the Superior Court of California, County of Orange, originally commenced as Case No. 30-2020-01151355-CU-BC-CJC.

Initials of Deputy Clerk: mku